**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**
Civil Action No.: _____

**WILLIAM BARNETT**                                                                                   **PLAINTIFF**

VS.                                              **COMPLAINT**

**THE ALLEN COMPANY,**                                                              **DEFENDANTS**
**a Delaware corporation;**
    *Serve*:  Registered Agent, per KY Secretary of State, as follows:
        W. Robert Beam, Jr.
        3009 Atkinson Ave., Suite 300
        Lexington, KY 40509

**STERLING ENTERPRISES, INC.,**
**a Kentucky corporation; and**
    *Serve*:  Registered Agent, per KY Secretary of State, as follows:
        Samuel A.B. Boone
        1509 Bull Lea Road, Suite 200
        Lexington, KY 40511

**LEXINGTON QUARRY COMPANY,**
**a KY General Partnership assumed name of**
**The Allen Company, a DE corporation and**
**Sterling Enterprises, Inc., a KY corporation**
    *Serve*:  Assumed Name Holder, per KY Secretary of State, as follows:
        The Allen Company, a DE corporation
        Attn:  W. Robert Beam, Jr., Registered Agent
        3009 Atkinson Ave., Suite 300
        Lexington, KY 40509

    *Serve*:  Assumed Name Holder, per KY Secretary of State, as follows:
        Sterling Enterprises, Inc., a KY corporation
        Attn:  Samuel A.B. Boone, Registered Agent
        1509 Bull Lea Road, Suite 200
        Lexington, KY 40511

* * * * * * * * *

Plaintiff, by counsel, makes the following federal Complaint:

## JURISDICTION AND VENUE:

1. Jurisdiction is proper.

2. Venue is proper.

3. Actions, as set forth in this Complaint, arise under the federal Family and Medical Leave Act, codified at 29 U.S.C. ξ 2601 et. seq. and the Kentucky Civil Rights Act, codified at 344.010, et. seq.

4. Plaintiff is a resident of Nicholasville, Jessamine County, Kentucky.

5. Each Defendant operates business in the state of Kentucky, including, but not limited to, Jessamine County, Kentucky.

6. Unlawful acts occurred in Kentucky, including Jessamine County, Kentucky, and serve as a basis for Counts contained in Plaintiff's Complaint.

## FACTUAL OVERVIEW:

7. This entire "Factual Overview" and document is incorporated into each and every provision, part, and Count of this document by reference as if the same were fully stated therein.

8. Plaintiff was an "eligible employee" (entitled to FMLA leave) as that term is defined under the Family and Medical Leave Act, 29 U.S.C. ξ2601, et. seq., including 29 U.S.C. ξ2611.

9. Plaintiff was an "eligible employee" (covered under the KCRA) as that term is defined under the Kentucky Civil Right, K.R.S. 344.010, et. seq., including K.R.S. 344.030.

10. Each Defendant, individually and collectively, was and is an "employer" (obligated to extend FMLA leave) under the Family and Medical Leave Act, 29 U.S.C. ξ2601 et. seq., including 29 U.S.C. ξ2611.

11. Each Defendant, individually and collectively, was and is an "employer" (covered under the KCRA) as that term is defined under the Kentucky Civil Rights Act, K.R.S. 344.010, et. seq., including K.R.S. 344.030.

12. On or about September 9, 1999, Plaintiff began his employment, said employment which is the subject of this case, Defendants firing Plaintiff on or about January or February, 2009.

13. Throughout Plaintiff's employment, Plaintiff was an excellent employee.

14. Throughout Plaintiff's employment, Plaintiff was a dedicated employee.

15. Throughout Plaintiff's employment, Plaintiff's job performance was of sufficient quality as to merit continued employment.

16. Throughout Plaintiff's employment, Plaintiff fulfilled his duties and responsibilities as an employee.

-----------

17. On or about 2008, however, - after numerous years of dedicatedly working for Defendants, - Plaintiff had to request leave from Defendants, and which was his lawful right due to a serious health condition covered under the FMLA, as well as disability covered and protected under the KCRA.

18. Specifically, Plaintiff had the serious health condition of crippling, cluster migraine headaches, constituting real, dehabilitating mind storms, and which Plaintiff sought and received medical treatment, said condition which substantially affected major life activities of Plaintiff, including, but not limited to, Plaintiff's ability to care for himself and work.

19. Defendants' response to Plaintiff's request for leave, was heartbreakingly shocking and saddening, violating the substantive provisions of the FMLA and KCRA, as well as its' spirit, said laws being created and formed to prevent and shield employees from the very harm that Defendants caused Plaintiff.

20. Defendants refused Plaintiff leave, violating Plaintiff's FMLA statutorily protected rights, including, but not limited to, refusing and/or failing to grant Plaintiff leave time, constituting unlawful *interference* with Plaintiff's rights protected under the FMLA.

21. Defendants also *retaliated* against Plaintiff because Plaintiff sought exercise of his FMLA rights, as well as Plaintiff's effective opposition of Defendants' unlawful conduct thereof, causing Plaintiff a hostile work environment and then actually and/or constructively firing Plaintiff.

22. Said hostile work environment and improper actual and/or constructive firing were material adverse actions taken against Plaintiff by Defendants because Plaintiff sought exercise of his FMLA rights and effectively voiced opposition to Defendants' violation thereof, having a causal connection and nexus to Plaintiff's FMLA protected actions, and said adverse actions negatively, materially, substantially, and adversely affected Plaintiff's terms and/or conditions of employment because Plaintiff

requested leave under the Family and Medical Leave Act, 29 U.S.C. ξ 2601 et. seq.

23. Plaintiff was legally entitled to leave under the Family and Medical Leave Act by Defendants due to a serious health condition, referred to hereinabove.

24. Plaintiff fully informed Defendants about Plaintiff's serious health condition and medical treatment.

25. Plaintiff did not receive leave to which Plaintiff was entitled under the Family and Medical Leave Act, constituting unlawful interference with Plaintiff's right to leave under the Family and Medical Leave Act.

26. Defendant also caused Plaintiff to suffer a hostile work environment, and then fired Plaintiff, because Plaintiff exercised his rights under the FMLA, including asking for FMLA leave and effectively opposing the deprivation thereof, said adverse employment actions being causally connected to Plaintiff's protected activity and which altered and affected detrimentally the terms and conditions of Plaintiff's employment.

27. Defendants' conduct also constitutes unlawful intentional disability discrimination under the KCRA, including, but not limited to, failing and/or refusing to accommodate Plaintiff by way of leave, and upon information and belief, singling out/treating Plaintiff differently versus categorically non-disabled employees.

28. Defendants' conduct also constitutes unlawful retaliation against Plaintiff under the KCRA because of Plaintiff's effective opposition to Defendants' unlawful actions which were and are violative of the KCRA.

29. Defendants' unlawful acts have caused Plaintiff damages, including, but not limited to, extreme emotional distress, embarrassment, humiliation, and pain and

suffering.

## STATEMENT OF COUNTS

### COUNT #1:  Interference with Rights under the Family and Medical Leave Act, 29 U.S.C. ξ2601, et. seq., including specifically 29 U.S.C. ξ2615

30. Each Defendant, individually and collectively, *interfered* with Plaintiff's right to FMLA leave by denying Plaintiff leave under the Family and Medical Leave Act to which Plaintiff was entitled.

31. Each Defendant, individually and collectively, constitutes unlawful interference with leave rights under the Family and Medical Leave Act, 29 U.S.C. ξ 2601, et. seq., including 29 U.S.C. ξ2615.

### COUNT #2:  Retaliation under the Family and Medical Leave Act, 29 U.S.C. ξ2601, et. seq., including specifically 29 U.S.C. ξ2615

32. Each Defendant, individually and collectively, committed unlawful intentional retaliation under the Family and Medical Leave Act, 29 U.S.C. ξ 2601, et. set., including 29 U.S.C. ξ2615.

33. Plaintiff engaged in statutorily protected conduct of exercising FMLA leave rights, to which Plaintiff was legally entitled, under the Family and Medical Leave Act, 29 U.S.C. ξ 2601 et. seq.

34. Defendant *retaliated* against Plaintiff by causing Plaintiff the following adverse employment actions because Plaintiff asked for FMLA leave:  (a) causing Plaintiff to suffer a hostile work environment and (b) firing Plaintiff.

35. There was a causal connection between said adverse employment actions taken by Defendants against Plaintiff, and Plaintiff's engagement of the statutorily protected conduct.

### COUNT #3:  Disability Discrimination
### under the Kentucky Civil Rights Act,
### K.R.S. 344.010 et. seq.

36.     Each Defendant, individually and collectively, committed unlawful intentional disability discrimination under the Kentucky Civil Rights Act, K.R.S. 344.010 et. seq., including K.R.S. 344.040.

### COUNT #4:   Retaliation under the Kentucky Civil Rights Act,
### K.R.S. 344.010 et. seq.

37.     Each Defendant, individually and collectively, retaliated against Plaintiff because Plaintiff opposed disability discrimination under the Kentucky Civil Rights Act, K.R.S. 344.010 et. seq., including K.R.S. 344.040.

38.     Said adverse actions taken were causally connected to Plaintiff's protected action of effective opposition to disability discrimination under the Kentucky Civil Rights Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following:

1. For a TRIAL BY JURY;
2. For damages, including, but not limited to, compensatory damages for humiliation, embarrassment, pain and suffering, and emotional distress;
3. For actual damages, including, but not limited to, back pay and benefits lost, as well as injunctive relief;
4. For Plaintiff's attorney fees and other costs related to this action; and
5. For any and all other relief to which Plaintiff is entitled.

/s/ Leslie Dean
**Leslie Dean, Attorney at Law, PSC**
**One Eagle View Plaza**
**3288 Eagle View Lane, Suite 300**
**Lexington, Kentucky 40509**
**Telephone:  (859) 296-4575**
**Facsimile:  (859) 296-4577**
**Email: ldean@LeslieDean.com**
ATTORNEY FOR PLAINTIFF